1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12

MANUEL CABRERA ALEJANDRE,
Inmate No. 09376-097,

13

Plaintiff,

14

vs.

15
16

JEANNE WOODFORD, Director;
JOHN MARSHALL, Warden,

17

ROBERT L. AYERS, Warden;
CALIFORNIA DEPT. OF CORRECTIONS

18

MEDICAL DEPT.;
ELISON WES, Parole Officer,

19

Defendants.

20
21

Civil No.    08-0093 JAH (JMA)

**ORDER:**

**1) DISMISSING CIVIL ACTION
FOR LACK OF PROPER VENUE
PURSUANT TO 28 U.S.C. § 1391(b)
AND 28 U.S.C. § 1406(a)**

**AND**

**2) DENYING MOTION TO
PROCEED *IN FORMA PAUPERIS*
AS MOOT [Doc. No. 2]**

22        Plaintiff, a former state prisoner currently detained at San Diego Correctional Facility in

23   San Diego, California, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.

24   Plaintiff claims the former Director of the California Department of Corrections, the Marshal and

25   medical staff at California Men's Colony ("CMC") in San Luis Obispo, a Warden at San

26   Quentin State Prison and a state parole officer all denied him adequate medical care in violation

27   of the Eighth Amendment while he was in state custody in 1994 and 1995. *See* Compl. at 1-6.

28   Plaintiff seeks injunctive relief as well as general and punitive damages. *Id.* at 7.

1    Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

2    U.S.C. § 1915(a) [Doc. No. 2].

3                                             **I.**

4                                          **Venue**

5    An initial review of this action reveals that Plaintiff's case lacks proper venue.  Venue

6    may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading

7    and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

8    "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except

9    as otherwise provided by law, be brought only in (1) a judicial district where any defendant

10   resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part

11   of the events or omissions giving rise to the claim occurred, or a substantial part of property that

12   is the subject of the action is situated, or (3) a judicial district in which any defendant may be

13   found, if there is no district in which the action may otherwise be brought."   28 U.S.C.

14   § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

15   834, 842 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue

16   in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such

17   case to any district in or division in which it could have been brought."  28 U.S.C. § 1406(a).

18   Here, while Plaintiff is currently incarcerated in San Diego, he claims constitutional

19   violations based on events which are alleged to have occurred at CMC in San Luis Obispo and

20   San Quentin State Prisons.  (Compl. at 1.)  CMC is located in San Luis Obispo County; San

21   Quentin in Marin County.  Moreover, no defendant is alleged to reside in the Southern District.

22   *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial

23   and San Diego.").  Instead, Defendants are instead alleged to reside in Sacramento, San Luis

24   Obispo, Marin and Monterey.  (Compl. at 2.)

25   Thus, venue may be proper in the Central District of California, Western Division,

26   pursuant to 28 U.S.C. § 84(c)(1), the Eastern District of California pursuant to 28 U.S.C. § 84(b),

27   *or* the Northern District of California pursuant to 28 U.S.C. § 84(a), but *not* in the Southern

28   / / /

1  District of California.[1]  *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

2                                    **II.**

3                        **Conclusion and Order**

4        Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED without prejudice

5  for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a), and Plaintiff's Motion

6  to Proceed IFP [Doc. No. 2] is DENIED as moot.

7        The Clerk shall close the file.

8        **IT IS SO ORDERED.**

9

10 DATED:  January 30, 2008

11                                              _____

12                                              JOHN A. HOUSTON
                                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24       [1] Plaintiff is cautioned, however, that should he elect to proceed with these claims by filing a
   Complaint in the Central, Eastern or Northern Districts of California, along with a Motion to Proceed
25 IFP, his Complaint will be subject to the sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) and
   1915A(b), and is likely to be dismissed insofar as the allegations on the face of his pleading are, at the
26 very least, untimely.  *See Vaughan v. Grijalva*, 927 F.2d 476, 479 (1991) (permitting dismissal under
   FED.R.CIV.P. 12(b)(6) for failure to state a claim when the "running of the limitations period is apparent
27 on the face of the complaint."); *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
   (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in
28 forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th
   Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)).